## STATE COURT OF APPEALS—Continued

No. 197

### BLOCH v. BLOCH

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5916.  Decided Oct. 26, 1925

1123.  SUBROGATION—Where a person, guaranteeing payment on a renewal note is compelled to pay same, such guarantor is subrogated to the rights of payee of the original note.

147.  BILLS & NOTES—Whether or not a renewal note is given as absolute payment of a previous note, so as to discharge same, is a matter for the jury to determine.

LEVINE, P. J.

This action arose in the Cuyahoga Common Pleas to recover payment on a promissory note. On Oct. 12, 1923, the United States Metal Goods Co. executed to the Cleveland Trust Co. a promissory note in the amount of $19,-000, signed by the Metal Goods Co., by Abe Bloch, Pres. and by Ike Bloch, Sec. & Treas., defendants in this action.  Abe Bloch deposited as collateral 549 shares of stock.

This note was not paid at maturity, and a renewal note in amount of $24,000 was executed by the said Company and by Abe Bloch. Ike Bloch at the time of such renewal was not in the city.

Lulu Bloch, plaintiff, in this action, guaranteed payment of this new note and deposited certain securities as collateral.  The original securities were returned to Abe Bloch.  The Bank held the old note until such time as Ike Bloch would endorse the renewal note.  This the said Ike Bloch refused to do, and the same was ultimately paid by the collateral deposited by Lulu Bloch.  She then brought this action against Ike Bloch, alleging that she was subrogated to the rights of the Bank in said note.

Ike Bloch defended that the said Lulu Bloch was not a holder in due course, so not entitled to action on said note; that said note was discharged by the renewal note and that she was not entitled to subrogation inasmuch as she was a mere volunteer.  The Cuyahoga Common Pleas directed a verdict in favor of defendant Ike Bloch.  The Court of Appeals held:

1.  Although the following notation appears on the note for $19,000 "January 8, 1923, paid by note of $24,000 of the United States Metal Goods Co." such notation is not conclusive evidence of payment, and the fact still remains that said note never was paid by Ike Bloch.

2.  Said note being retained by the Bank as collateral until the new note should be signed by him, and the new note being paid by Lulu Bloch, she was entitled to possession upon paying the renewal note.

3.  Having become a party to the transaction at the request of Abe Bloch, one of the makers, and with the consent of the payee, she is not a mere volunteer in the matter of payment and is therefore entitled to subrogation.

4.  Whether or not the new note was intended as payment of the old one, so as to discharge same, resolves itself into an intention of the parties in this regard and is a question for the jury to determine.

Judgment reversed.

Attorneys—Calfee, Fogg & White for Lulu Bloch; M. P. Goodman for Ike Bloch; all of Cleveland.

---

No. 198

### GRAYBILL v. SAGER

Ohio Appeals, 3rd Dist., Marion Co.

No. 645.  Decided Jan. 15, 1926

568.  GARNISHMENT—Cannot garnishee 10% of earnings of married debtor when this amount is being voluntarily applied by him to payment of another debt.

HUGHES, J.

Dr. H. W. Sager, before a justice of the peace, sought to subject to his judgment-claim for a doctor's bill, 10% of the earnings of Paris Graybill who was married and supported a family and entitled to exemptions under 11725 GC.

Graybill's employer was made garnishee and Graybill made a motion to dismiss the proceedings for the reason that he had made an assignment of 10% of his wages to another creditor to be applied in payment of an outstanding obligation for necessaries to the other creditor, and that the remaining 90% of his earnings were exempt from execution.

The justice overruled this motion and his judgment thereon was affirmed by the Marion Common Pleas.  Error was prosecuted and the Court of Appeals held:

The judgments were erroneous for the reason that 90% of the debtor's earnings, under the circumstances in this case, are exempt from execution and he cannot be made subject to a garnishment proceeding during the time he is in good faith, making voluntary payments on an unpaid claim for necessaries subsequent to the garnishment issued against him, provided his payments on the other claim amount to the full extent of 10% of his earnings as required by statute.

Judgments reversed.

Attorneys—Louis E. Myers, for Graybill; Carhart & Warner for Sager; all of Marion.